# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN B. GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-589-CG |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff John B. Graham's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 31), filed through Plaintiff's counsel Kyle Saunders.

On September 30, 2016, the Court entered a Judgment reversing the Acting Commissioner's decision denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 23) at 1. On January 25, 2018, the Social Security Administration issued a "favorable" decision on Plaintiff's DIB and SSI applications and found Plaintiff disabled as of April 30, 2009. Pl.'s Mot. Att'y Fees at 2; Pl.'s Mot. Att'y Fees Ex. 1 (Doc. No. 31-1) at 1, 14. The Acting Commissioner has notified Plaintiff of $96,188.00 in past-due benefits and that, pursuant to Plaintiff's fee agreement with counsel, up to $24,047.00 of his withheld benefits can be applied toward his attorney's fees. *See* Pl.'s Mot. Att'y Fees Ex. 2 (Doc. No. 31-2) at 3, 4; Pl.'s Br. Ex. 1 (Doc. No. 32-1) at 1-2 (contingent-fee contract between Plaintiff and his counsel prescribing that if Plaintiff is awarded benefits after a remand from

federal court, the attorney's fee "for representation before the court" shall be the greater of (i) 25 percent "of the past-due benefits resulting from" Plaintiff's claim or (ii) any fee awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412).

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

As for Plaintiff's counsel's current request for $18,000.00 in fees, the Acting Commissioner has responded that she takes no position on this request. *See* Def.'s Resp. (Doc. No. 33) at 2. The Acting Commissioner correctly notes, however, that the Court previously awarded $6026.60 in attorney's fees pursuant to the Equal Access to Justice Act, so if fees are now awarded pursuant to § 406(b) Plaintiff's counsel must refund the lesser award to Plaintiff. *See id.*; Am. Order of Mar. 2, 2017 (Doc. No. 2) at 1-2; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

2

Having carefully reviewed the parties' submissions, the Court finds that an award of $18,000.00, which is approximately 18.5% of the past-due benefits awarded, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Mr. Saunders filed a detailed opening brief, presenting several well-supported arguments that the administrative law judge erred in denying Plaintiff's DIB and SSI claims. *See* Doc. No. 15. The Acting Commissioner filed a brief in opposition, which Mr. Saunders was required to review. *See* Doc. No. 21; Pl.'s Mot. Att'y Fees Ex. 3 (Doc. No. 31-3) at 1. Mr. Saunders represents that he spent 31.70 hours litigating Plaintiff's disability case in federal court (not including time spent on attorney-fee issues), which would result in an effective hourly rate of $567.82 with respect to the requested § 406(b) fee. *See* Pl.'s Mot. Att'y Fees Ex. 3, at 2; Pl.'s Br. (Doc. No. 32) at 11-14; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour). Plaintiff and Mr. Saunders agreed that the latter may collect attorney's fees for representation before the Court for an amount greater than the currently pending request. *See* Pl.'s Br. Ex. 1, at 1-2.

Accordingly, the Plaintiff's Motion for Attorney Fees (Doc. No. 31) is GRANTED to the following extent. Plaintiff's attorney Mr. Kyle Saunders is awarded attorney's fees

in the amount of $18,000.00, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Kyle Saunders of Saunders & Saunders, P.O. Box 1605, Ada, Oklahoma, 74820. Mr. Saunders shall promptly refund to Plaintiff the $6026.60 previously awarded under 28 U.S.C. § 2412. *See* Am. Order of Mar. 2, 2017, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

    IT IS SO ORDERED this 8th day of June, 2018.

                                          CHARLES B. GOODWIN
                                          UNITED STATES MAGISTRATE JUDGE